IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT DUANE FRANKLIN,

      Petitioner,                    No. CIV S-08-1358 MCE GGH P

   vs.

M. KNOWLES, et al.,

      Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed June 16, 2006. Petitioner alleges that he is wrongly being denied half time work credits to which he is entitled pursuant to Cal. Penal Code § 2933. Petitioner is instead earning work credits pursuant to Cal. Penal Code § 2933.1 which puts a 15% cap on the work credits he may earn.

        Pending before the court is respondent's August 26, 2008, motion to dismiss on grounds that this action is barred by the statute of limitations. Respondent also moves to dismiss on grounds that petitioner has not raised a federal claim. After carefully reviewing the record, the court recommends that respondent's motion be granted.

        At the outset, the court assumes that petitioner's claims are properly raised in a petition for writ of habeas corpus. See Toussaint v. McCarthy, 801 F.2d 1080, 1094 n. 14 (9th

1

cir. 1986) (any deprivation of credits under §§ 2931 and 2933 may be remedied by way of a habeas corpus petition). The undersigned believes that denial of work credits, as opposed to good-time credits after a disciplinary conviction, stretches the meaning of a "conviction" for habeas purposes, but the hallmark of habeas jurisdiction has never been symmetry.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For prisoners challenging administrative decisions such as the award of time credits, the statute of limitations begins to run on the date the administrative decision becomes final. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (limitations period begins to run on the day after petitioner received timely notice of the denial of his administrative appeal challenging the board's decision).

Attached to the petition is a copy of the November 8, 2006, Director's Level Appeal decision denying petitioner's administrative appeal alleging that he is entitled to work time credits at the rate of 50 percent. See Petition, court file document 1, p. 55 of 71. Petitioner

had one year from November 9, 2006, to file a timely federal petition.  The instant action, filed June 16, 2008, is not timely unless petitioner is entitled to statutory or equitable tolling.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

In the motion to dismiss, respondent argues that petitioner is not entitled to statutory tolling for either of the two petitions he filed in the California Supreme Court.  The first petition, filed November 7, 2006, was denied on May 9, 2007, by an order citing In re Clark, 5 Cal.4th 750 (1993).  Motion to Dismiss, Exhibits 1 and 2.  The second petition, filed September 12, 2007, was denied on November 14, 2007, by an order citing Clark, supra, and In re Miller, 17 Cal.2d 734 (1941).  The citation to Clark indicates that the petition was deemed untimely.  Bennett v. Mueller, 322 F.3d 573, 579 (9th Cir. 2003).  The citation to In re Miller stands for the proposition that the petition was denied for the same reasons as the previous petition.  Kim v. Villalobos, 799 F.2d 1317, 1319 n. 1 (9th Cir. 1986).

"When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S.Ct. 1807 (2005).  Because both of petitioner's state petitions were denied as untimely, respondent correctly argues that petitioner is not entitled to statutory tolling.

In the opposition to the pending motion, petitioner argues that only his second petition filed in the California Supreme Court raised the issue of time credits.  Even if this were true, petitioner is still not entitled to statutory tolling because the second petition was denied as untimely.  Accordingly, petitioner is not entitled to statutory tolling pursuant to § 2244(d)(2).

In neither the petition nor opposition to the pending motion does petitioner make an argument in support of equitable tolling.

In his opposition, petitioner suggests that finding this action barred by the statute of limitations would violate the Suspension Clause.  This argument is without merit because

petitioner's claims do not involve actual innocence or a fundamental miscarriage of justice.  See Majoy v. Roe, 296 F.3d 770 (9th Cir. 2002).

In the alternative, respondent moves to dismiss on grounds that the petition fails to state a cognizable claim for relief.  Prisoners have no protected liberty interest in the accrual of work credits.  Toussaint v McCarthy, 801 F.2d 1080, 1095-95 (9th Cir. 1986).  The court recommends that respondent's motion be granted on this ground as well.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's August 26, 2008, motion to dismiss (# 13) be granted on grounds that the claims are barred by the statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 1, 2008

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

frank1358.157